STATE OF MAINE
HANCOCK, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-03-26

Florence Crockett et al.,
        Plaintiffs

v.

Order (Motion for Summary Judgment)

Oak Leaf Realty, Inc. et al.,
        Defendants

DONALD L. ............
LAW LIBRARY

SEP 8 2004

Pending before the court is the plaintiffs' motion for summary judgment. The court has considered the parties' submissions on the motion.

This action raises issues of the ownership and use of the Lower Patten Pond Road, which is a private road that provides access to a number of parcels on and near Patten Pond in Surry. In count 1 of their complaint, the plaintiffs seek a declaration that some of them have an ownership interest in a portion of the road and that defendant Dale Henderson Logging, Inc. (DHL) does not have such an interest in the road. In count 2, the plaintiffs also seek an order relating to any rights that DHL or its assigns may have to use that road.

The record on summary judgment establishes the following facts. The plaintiffs own waterfront parcels of real property in a subdivision, the plan for which was recorded in the Hancock County Registry of Deeds in 1952. Three of the parcels at issue were conveyed to the present owners prior to September 29, 1987 (the Nuss, Ahern and Mahannah lots). The remaining plaintiffs acquired their parcels subsequent to that date. Two of the deeds (namely, those to the Crockett and Carter lots) specifically conveyed title to the centerline of the road. The deeds to the other lots conveyed an easement over

1

the road, thereby providing access. DHL also owns a parcel in the subdivision and claims ownership of the road. None of the deeds in DHL's chain of title includes the road as part of the real property conveyed in those instruments. As of September 29, 1989, no person claiming title to the road had filed a notice in the Hancock County Registry of Deeds pursuant to 33 M.R.S.A. § 469-A, providing record notice of any such claim.

In the first count of their complaint, the plaintiffs seek a declaratory judgment against DHL, establish their ownership rights to the land on which the road is located. The record on summary judgment, however, does not establish that they have joined the owners of the parcels on the upland side of the road. In fact, in their written reply to the defendants' objection to their motion, the plaintiffs appear to acknowledge that not all such persons are parties to this action. *See* Plaintiffs' Reply Memorandum of Law In Support of Their Motion for Summary Judgment at 2. The relative rights of the parties at bar may be adjudicated in this case and on this record. However, count 1 of the complaint goes well beyond such a limited contention. Rather, in that count, the plaintiffs seek a declaration of absolute ownership in portions of the road. The Law Court has specifically held that such a determination cannot be made unless all persons who may have retained an ownership in the road are joined. *Lamson v. Cote*, 2001 ME 109, ¶ 18, 775 A.2d 1134, 1139. The plaintiffs attempt to distinguish *Lamson* on the basis of the nature of the claims presented: the plaintiffs argue here that in *Lamson*, the plaintiff pled a claim to quiet title, thus requiring all potential claimants of title to be joined. However, the plaintiff in *Lamson*, as here, in fact sought a declaratory judgment. *Id.*, ¶ 2, 775 A.2d 1134. The nature of the claims are identical, and the cases cannot be distinguished on that basis. Thus, the plaintiffs are not entitled to a declaratory judgment of the nature and quality they seek, because the record does not establish that they have joined the parties whose participation is necessary to allow such a determination.

The absence of joinder of adjacent property owners may affect the availability of ultimate relief sought by the plaintiffs. However, the defendants have not raised this issue outside of the context of the motion at bar. (For example, the defendants' responsive pleading does not challenge the adequacy of the complaint based on the universe of parties brought into this action.) Thus, the court does not address any such

broader implications, other than to conclude that the plaintiffs are not entitled to summary judgment.

It bears note that even if a declaratory judgment were limited to an adjudication of the relative rights of the parties now before the court, the record establishes that some – but not all-- of all plaintiffs would be entitled to summary judgment. For purposes of the applicable legal analysis, the plaintiffs fall into three groups. The first group consists of the Nusses, the Aherns and Mahannah. These plaintiffs acquired their parcels prior to the effective date of section 469-A, which was September 29, 1987. Section 469-A is applicable in determining their property interests because the temporal and other conditions necessary to invoke that statute are satisfied here. Under the terms of that statute, because neither DHL nor any predecessor in interest filed a notice pursuant to section 469-A(2), this first group of plaintiffs is conclusively deemed to own the land up to the centerline of the private road that abuts their respective parcels. The defendants argue here that because the grantors of the plaintiffs' parcels did not convey any portion of the road to them, and because the grantors also did not convey any portion of the road to the grantees of the upland parcels, the grantors did not intend to convey any of the land on which the road is located. However, section 469-A addresses this specific circumstance, where the grantors did not "expressly reserve title to the way by a specific reference to this reservation in the conveyance of the land" and where the grantors (or those, such as subsequent owners, claiming under the grantors) failed to file the requisite notice in a timely way. Thus, regardless of any implications that may be gleaned from the nature of prior conveyances affecting property abutting the road, section 469-A dispositively establishes the extent of the parties' ownership interests in the road.

The second group of plaintiffs consists of those who received deeds expressly conveying a fee interest in any portion of the land under the way. These plaintiffs include Crockett and Carter. As is noted above, although the deed to DHL purports to convey the land under the way, its grantors did not have title to that land and thus could not convey it to DHL, particularly in the face of prior record ownership by those plaintiffs. There is no similar challenge to the quality of title now held by Crockett and Carter, who acquired their property interests (1998 and 1989 respectively) prior to the date when DHL received its deed (2002): the parties' statement of material facts do not

3

generate any factual issue that would compromise their ownership rights to the property as described in their deeds, and the defendants do not make a meritorious legal argument to that effect.

The third group of plaintiffs (the Richardsons, Pelletier and the Foggs) acquired their parcels of property after September 29, 1999. If those parcels also had been the subject of conveyances prior to that date, then they would stand similarly to the first group of plaintiffs noted above. Such a history of conveyances, however, is not established in the statements of material fact. Rather, as an historical background to these parcels, the parties' rule 56(h) statements reveals only that the plan for the subdivision, which included those lots, was recorded in 1952. The statements of material fact do not provide evidence regarding when the lots were actually created by deed. Further, the parcels associated with this third group of plaintiffs do not include a record description encompassing any part of the road. Thus, these plaintiffs may not have the benefit of the provisions of section 469-A or of a deed description for a portion of the road, as the remaining plaintiffs do. These plaintiffs do not make any separate arguments in support of their argument for title to the roadway. Thus, they have not demonstrated, as a matter of law, the existence of such title.

In count 2 of the complaint, the plaintiffs raise issues regarding the use of the road by the defendants. This count rests on allegations that DHL, which claims to own the fee under the road, has granted an easement to co-defendant Oak Leaf Realty, Inc. (OLR). OLR owns a nearby 850 acre tract, which is not contiguous to the road. As alleged by the plaintiffs, OLR plans to create a subdivision on that large tract and will use Lower Patten Pond Road as a means for the buyers of the lots to gain access to the property. The record on summary judgment establishes that OLR applied for municipal subdivision approval. The local municipal planning board, and then the local municipal board of appeals both denied that application. The deadline for an appeal to the Superior Court pursuant to M.R.Civ.P. 80B was approximately August 12, 2004. As of July 15 (the date of the defendants' statement of material fact), OLR had not filed such an appeal. The court takes judicial notice of its docket, which reveals that as of the date of this order, no such appeal has been filed with the clerk. The record on summary judgment further establishes that, in the absence of municipal subdivision approval, OLR does not intend

4

to use the Lower Patten Pond Road as a means of access to any properties adjoining any of the lots in the 1952 subdivision, and in fact OLR is investigating other options that will not involve the use of the Lower Patten Pond Road.

Count 2 rests on the prospects that OLR will, first, develop the 850 tract into a subdivision, and, second, use the Lower Patten Pond Road as a means for its grantees to travel to and from the lots in the new subdivision. The defendants argue that any determination based on this factual predicate is not justiciable. "A justiciable controversy is a claim of present and fixed rights, as opposed to hypothetical or future rights." *Maine Civil Liberties Union v. City of South Portland*, 1999 ME 121, ¶ 8, 734 A.2d 191, 194 (citation and internal punctuation omitted). A moot claim is not justiciable. *Id.*, 734 A.2d at 194. "The test for mootness is whether there remain sufficiently practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources. . . .A dispute loses its controversial vitality when a decision by the court would not provide. . .[a party] any real or effective relief" *Id.*, 734 A.2d at 194 (citation and internal punctuation omitted). That is the case here. The plaintiffs' claim germane to easement rights is predicated on some expectation that the right-of-way would be overburdened. The factual basis for that expectation, however, either no longer exists or has dissipated to such an extent that this part of the action cannot be regarded as justiciable. The declaration sought by the plaintiffs would have meaning only if one or both defendants pursued its development plans in the specific way that would include the use of the Lower Patten Pond Road. That plan is now in such grave doubt that a judicial adjudication of the parties' rights flowing from that course of action will not have any material practical effect. Thus, the court is persuaded that summary judgment should be entered for the defendants on count 2,[1] although reserving to the plaintiffs the right to renew such an action if future circumstances warrant.

The entry shall be:

---

[1] Although the defendants have not moved formally for summary judgment, the court is authorized to enter summary against parties who themselves move for summary judgment. *See* M.R.Civ.P. 56(c).

5

For the foregoing reasons, the plaintiffs' motion for summary judgment is denied. Summary judgment is entered for the defendants on count 2 of the complaint.

Dated: August 25, 2004

_____
Justice, Maine Superior Court

FILED &
ENTERED

AUG 26 2004

SUPERIOR COURT
HANCOCK COUNTY

6